IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shahid L.A. Majid,                                  ) | C/A No. 0:19-1793-MGL-PJG |
|                         Plaintiff,         ) | |
| v.                                                       ) | **ORDER** |
| RN Richards; RN Belser; Ms. Barbara; Cpt. ) | |
| Carter; Karol Berry; Mr. Woodham; Sgt.   ) | |
| Summers; SCDC; RN Jane Doe; Lt. C. Parker, ) | |
|                        Defendants.     ) | |

Plaintiff Shahid L.A. Majid, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 27.)

There is no right to appointed counsel in § 1983 cases. <u>Hardwick v. Ault</u>, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Mallard v. United States Dist. Court for S. Dist. of Iowa</u>, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. <u>Whisenant v. Yuam</u>, 739 F.2d 160 (4th Cir. 1984), <u>abrogated on other grounds by</u> <u>Mallard</u>, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time, nor would the plaintiff be denied due process if the court denied plaintiff's request for counsel. <u>Id.</u> Although the plaintiff has provided medical records in support

*PJG*

of his argument that he suffers from disabilities that prevent him from adequately prosecuting his case, based on the pleadings before the court, the plaintiff writes well and appears capable of addressing the legal issues.  To the extent he argues that the side effects of his medications or physical disabilities require him to need more time to prepare his pleadings, the plaintiff is not precluded from timely seeking an extension of any deadline established by the court.  Accordingly, the plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

    **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 11, 2019
Columbia, South Carolina