IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shahid L.A. Majid, ) | C/A No. 0:19-1793-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RN Richards; RN Belser; Ms. Barbara; Cpt. ) | |
| Carter; Karol Berry; Kitchen Sup. Mr. ) | |
| Woodham; Sgt. Summers; SCDC; R.N. Ms. ) | |
| Heather Varnadore; LT C. Parker,, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Shahid L.A. Majid, a self-represented inmate, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's motion for a "temporary restraining order," motion for copies, and motion to conduct depositions. (ECF Nos. 49 & 50.) The defendants filed responses in opposition (ECF Nos. 53 & 54), and Plaintiff replied (ECF No. 64).[1]

As an initial matter, Plaintiff's first motion references a letter received from the clerk's office dated October 10, 2019; however, no such document exists on the docket of the instant case. Rather, it appears that Plaintiff is referring to a letter in his other currently-pending federal case, Majid v. Means, C/A No. 0:19-1937. Regardless, the relief Plaintiff seeks is not warranted. Plaintiff argues that he is entitled to receive a free copy of the documents that he files with the court. (ECF No. 49 at 1.) In support of his argument, he references the language generated from the court's CM/ECF system for a Notice of Electronic Filing which states that Judicial Conference of the United States policy permits attorneys of record and parties—including *pro se* litigants—

---

[1] Plaintiff also moves for an extension of time in which to file a reply to the defendants' response in opposition to his motion to conduct depositions. (ECF No. 75.) Because Plaintiff's motion to conduct depositions is being denied without prejudice to refile, Plaintiff's motion for an extension to file a reply is terminated as moot.

are permitted one free electronic copy of all documents filed electronically. (See ECF No. 49-1 at 2.) However, Plaintiff fails to note that this notice and language is specifically addressed to "Public Access Users" of PACER, the automated system that allows an individual to view, print, and download court docket information over the internet. Accordingly, the policy referenced by Plaintiff does not in any way mandate that the Clerk of Court print and mail copies of electronically filed documents to *pro se* litigants, but rather that PACER users may electronically access a free copy through their PACER account. See generally ECF Policies and Procedures, located at https://www.scd.uscourts.gov/CMECF/procedures.asp. Accordingly, while Plaintiff was granted leave to proceed *in forma pauperis* in this matter pursuant to 28 U.S.C. § 1915, this status exempts litigants from paying the filing fee in full at the time the lawsuit is filed; it does not exempt litigants from the costs of copying and filing documents, service of documents other than the complaint, costs, expert witness fees, or sanctions. See, e.g., In re Richard, 914 F.2d 1526 (6th Cir. 1990) (stating that the granting of *in forma pauperis* status "does not give the litigant a right to have documents copied and returned to him at government expense"). Moreover, Plaintiff may not seek injunctive relief against individuals who are not parties to this action. For these reasons, Plaintiff's motion for free copies is denied. (ECF No. 49.)

Plaintiff also moves to conduct depositions of four individuals, which include correctional officers, medical personnel, and another inmate. (ECF No. 50.) One of the individuals is a defendant in this matter.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Except under certain circumstances in which

leave of the court is required, see Fed. R. Civ. P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed. R. Civ. P. 30. A non-party deponent's attendance may be compelled by subpoena pursuant to Rule 45.

Plaintiff's desire to depose an inmate clearly falls within the exceptions listed in Rule 30(a)(2) requiring leave of the court. Additionally, Plaintiff has failed to provide subpoenas in accordance with Rule 45(a)(1) for non-party witnesses and has apparently failed to serve any notice of deposition on the defendant pursuant to Rule 30(b)(1).

To the extent Plaintiff's motion could be construed as requesting the issuance of subpoenas for non-party witnesses, the court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(c)(1). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); see also Smith v. Yarrow, 78 F. App'x 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding *in forma pauperis* may seek waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or the Defendant pay for an indigent prisoner's discovery efforts."); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment

of the necessary expenses in a civil suit brought by an indigent litigant."). Plaintiff is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed. R. Civ. P. 45(b)(1).

Therefore, Plaintiff's motion to conduct depositions is denied without prejudice. If Plaintiff has the necessary resources and wishes to depose Defendant Varnados, he must properly notice the deposition pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure. As to the remaining individuals, Plaintiff has not adequately specified how the testimony he seeks to obtain is relevant to his claims as specified in Rule 26(b)(1) of the Federal Rules of Civil Procedure and according to the practice of this district. Accordingly, Plaintiff's motion is denied with leave to re-file to provide the court with information sufficient to show that he has the necessary resources to conduct the requested depositions and to provide the additional information specified above within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 19, 2019
Columbia, South Carolina